**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Federico Aros,

Plaintiff,

v.

GEO Group Incorporated,

Defendant.

No. CV-25-00703-PHX-DLR (CDB)

**ORDER**

Before the Court is Plaintiff Federico Aros' appeal (Doc. 90) from Magistrate Judge Camille D. Bible's order granting Defendant The GEO Group, Inc.'s ("GEO") motion to supplement its separate statement of facts (Doc. 88). For the following reasons, the Court affirms Judge Bible's order.

Federal Rule of Civil Procedure 72(a) provides that, when a magistrate judge issues an order on a nondispositive matter, parties may file objections to it within fourteen days after being served with a copy of the order. The Court must then consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 603 (1993). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Hill v. Maricopa Cnty. Sheriff's Off.*, No. CV-18-02613-PHX-GMS, 2020 WL 7828761,

at *1 (D. Ariz. Dec. 31, 2020) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

GEO moved to supplement its separate statement of facts in support of its motion for summary judgment. (Doc. 85.) GEO acknowledges that its motion comes after the deadline for dispositive motions but argues the factors enumerated in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) demonstrate excusable neglect. Judge Bible granted the motion. (Doc. 88.) In his appeal, Aros argues that the *Pioneer* factors did not support granting the motion.

Judge Bible's ruling is not clearly erroneous or contrary to law. When a party fails to timely file a document, Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court to retroactively extend the deadline for good cause "if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept." *Pioneer Inv. Services Co.*, 507 U.S. at 392. When considering whether a party's neglect is excusable, the Court considers: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004).

GEO's motion for summary judgment and separate statement of facts were originally filed March 17, 2026. (Docs. 65, 66.) GEO's supplemental statement of facts begins with events occurring on March 30, 2026. (Doc. 86 at 11–12.) Because the supplemental facts occurred after the original filing, GEO could not have moved any sooner and thus has a good reason for the delay. This fact also reflects a lack of bad faith on behalf of GEO. Additionally, the length of GEO's delay was brief. And any prejudice to Aros can be mitigated by permitting him to supplement his response and controverting statement of facts to address the new facts included in GEO's supplement.

**IT IS ORDERED** that Judge Bible's order (Doc. 88) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that, within **30 days** of the date of this order, Aros may file a supplement to his controverting statement of facts addressing the new facts

(paragraphs 76-81) in GEO's supplemental statement of facts. Aros does not need to reproduce his entire controverting statement of facts. If necessary, Aros may also file a supplement to his response brief, limited to **2 pages**, addressing the new factual assertions GEO has made.

Dated this 13th day of August, 2026.

Douglas L. Rayes
Senior United States District Judge